UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Donna M. DiMare, | ) | NO. 1:07-CV-12238 |
|     Plaintiff | ) | |
| v. | ) | |
| | ) | |
| Realty Trac, Inc., | ) | |
|     Defendant | ) | |
| _____ | ) | |

**REPLY OF REALTYTRAC INC. TO PLAINTIFF'S**
**OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES the defendant, RealtyTrac Inc. ("RealtyTrac") and, in reply to issues raised by the plaintiff, Donna M. DiMare ("DiMare"), in her memorandum of law in opposition to RealtyTrac's motion for summary judgment (the "Opposition"), states as follows:

**I.**    **Statement No. 29 of RealtyTrac's Statements of Undisputed Material Facts Should be Deemed Admitted.**

As with all summary judgment motions, the Court should pay particular attention to the plaintiff's handling of RealtyTrac's statement of undisputed facts. Rule 56.1 of the Local Rules of the United States District Court for the District of Massachusetts provides that:

> … Opposition to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation . . . Material facts of record set forth in this statement required to be served by the moving party will be deemed for the purposes of this motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties.

In this circuit, such rules are enforced. See, e.g. Cosme-Rosado v. Serrano-Rodrigues, 360 F.3d 42 (1st Cir. 2004) ("the… rule obligates the plaintiffs, as the opposing party, to submit a separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, *properly supported, by specific reference to the record* . . . . we have consistently upheld the enforcement of this rule") (emphasis by the court); A. M. Capen's Co., Inc. v. American Trading, 202 F.3d 469, 472 (1st Cir. 2000) ("the district court

properly admitted the uncontested facts submitted by the plaintiff-appellant when ATAPCO failed to comply with the Local Rules and oppose the motion in appropriate form").

In this case, out of RealtyTrac's 40 statements of undisputed material facts of record, the plaintiff responded to only 10 of those statements. As to the 30 uncontroverted statements, those are deemed undisputed. As to one other, as there is no substantive basis for its denial, it should also be deemed admitted.

In response to the statement in paragraph 29 of the defendant's Statements of Undisputed Fact, the plaintiff stated, without citation to any record evidence, that:

> No one other than someone affiliated with RealtyTrac could have provided anyone with any information regarding DiMare's property in 2007 other than someone affiliated with RealtyTrac because the only place DiMare's home was listed or published in an easily accessible public view in 2007 was Realty Trac's website.

This response is legally inadequate because no page or record references are provided. It is also contradicted by the admissible evidence presented to the Court as part of RealtyTrac's summary judgment papers, showing that the foreclosure information regarding DiMare's home was available from published public notices, foreclosure pleadings, DiMare's bankruptcy filings, and other websites unrelated to RealtyTrac. Accordingly, RealtyTrac's statement in paragraphs 29 must be deemed admitted.

II.  **The Plaintiff's Arguments in Opposition to RealtyTrac's Motion for Summary Judgment are based Solely on Inadmissible Hearsay and Speculation**

In opposing a motion for summary, the non-moving party must produce specific facts and evidence sufficient to enable its case to get to a jury. Rogan v. City of Boston, 267 F.3d 24, 27 (1st Cir. 2001); Perez v. Volvo Car Corp., 247 F.3d 303, 313 (1st Cir. 2001). "This obligation cannot be satisfied by conclusory allegations, empty rhetoric, unsupported speculation, or evidence, which in the aggregate, is less than probative." Rogan, 267 F.3d at 27. See also Velazquez-Garcia v. Horizon Lines of P.R., Inc., 473 F.3d 11, 15 (1st Cir. 2007), *quoting* Griggs-

Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990); Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

At issue in this case are the claims of the plaintiff that RealtyTrac is liable for the conduct of third parties who purportedly invaded the plaintiff's privacy as a result of the publication of information regarding the foreclosure notice placed on her home. In response, RealtyTrac has produced clear and undisputed evidence that establishes that the information it published was accurate and, therefore, its actions are protected under the First Amendment. In addition, RealtyTrac produced evidence via the affidavit of its Chief Financial Officer, that no RealtyTrac employee instructed anyone that the plaintiff's property was for sale or could be viewed without the permission of the owner. Thus, it cannot be liable for third parties that allegedly trespassed on the plaintiff's property.

Having failed to conduct any meaningful discovery in this case, the plaintiff now attempts a last-minute effort to avoid summary judgment through the assertion of inadmissible hearsay and by engaging in rampant speculation. Such actions are insufficient as a matter of law to create a genuine issue of material fact.

A.  The Plaintiff Cannot Establish Through Admissible Evidence That RealtyTrac Is Liable For Another Company's Incorrect Website Listing.

In July, 2007, RealtyTrac posted a listing on its Website relating to DiMare's residence located at 19 Alcine Lane, Burlington, Massachusetts. The Listing correctly reported that the Property had been scheduled for a foreclosure sale in January 2007, and that at the time of the Listing such sale was still "pending." RealtyTrac's evidence established that the information presented in the Listing was accurate, available from other sources, and had been disclosed to the public by third persons, including DiMare and/or her representatives.

In an effort to avoid summary judgment, the plaintiff attempts to blame RealtyTrac for purported errors contained in an August 17, 2007 Yahoo! Real Estate listing regarding the plaintiff's property. That listing, however, has absolutely no bearing on RealtyTrac.

3

It is axiomatic that RealtyTrac is not liable for the web listing of unrelated companies. Yahoo! is a publicly traded company which is neither owned nor controlled by RealtyTrac. The plaintiff offers absolutely no admissible evidence to establish that RealtyTrac is in any way responsible for the actions of Yahoo!. Instead, the plaintiff tries to argue, without any support whatsoever, that the Yahoo! listing was supplied by RealtyTrac.[1] The **admissible** evidence demonstrates that the contrary is actually true.

A comparison between the Yahoo! listing and the RealtyTrac listing shows that the two are not the same. The Yahoo! listing contains more information regarding the plaintiff's property than is contained in RealtyTrac's July 2007 listing. Moreover, the Yahoo! listing includes a statement that property is "offered by RealtyTrac." In contrast, the July 2007 RealtyTrac listing contains absolutely no representation that the property is being advertise for sale. In fact, the July 2007 listing on RealtyTrac's website specifically advises users that RealtyTrac is **not** representing that any property listed therein is for sale, and that unless stated otherwise, RealtyTrac does **not** serve as a realtor for any listed property. It further advises that the information regarding any listed property is **not** guaranteed to be accurate, and that users must **independently** verify any information on the website.

The misstatements in the Yahoo! listing are only relevant for a claim against Yahoo!, not a claim against RealtyTrac. The plaintiff's assertion that RealtyTrac is somehow responsible for Yahoo!'s incorrect publication of information on Yahoo!'s website that the plaintiff's residence was for sale is completely unsupported, nothing more than mere speculation, and actually contradicted by RealtyTrac's affidavit and the express statements on RealtyTrac's website. Accordingly, this assertion cannot be the basis for a "disputed material fact" sufficient to avoid summary judgment.

---

[1] The plaintiff cites to a reference in RealtyTrac's website which indicates that it provides information to a number of sources, including Yahoo!. However, the plaintiff offers absolutely nothing to indicate that Yahoo! does not obtain information from sources other than RealtyTrac, or that all of the information contained in the Yahoo! listing was supplied by RealtyTrac.

4

      B.    <u>The Plaintiff Cannot Establish That RealtyTrac Is Responsible For Intrusions Onto The Plaintiff's Property.</u>

The basis of the plaintiff's claims are that third parties trespassed onto the plaintiff's property. Specifically, the plaintiff identified one instance in which an individual entered onto her property because he had been told that it was vacant and open for viewing. However, the undisputed evidence produced by RealtyTrac establishes that such conduct was not due to anything done by RealtyTrac or any person affiliated with RealtyTrac.

RealtyTrac's listing of the plaintiff's property makes no mention of the property being vacant or abandoned, and certainly does not advise any person that they can enter onto the property without permission of the owner. In fact, the RealtyTrac listing does not even assert that the property is available for sale. Further, RealtyTrac's Chief Financial Officer stated that RealtyTrac does not, and did not, make any representations to anyone regarding any property on its website other than that contained on its listing on the website. The plaintiff offers absolutely no admissible evidence to contradict this evidence.

Instead, the plaintiff now makes the grossly false, and wholly unsupported accusation that RealtyTrac agents and/or employees were telling potential buyers that it was acceptable to enter onto the plaintiff's property without her permission. Opposition at 16. In support of this position, the plaintiff relies on one incident in which she confronted an unidentified man on her property. When she asked him why he was there, he is alleged to have "told her that an agent told him that the property was vacant and abandoned and that he could go in and walk around. " Opposition at 16. The plaintiff then takes these statements and leaps blindly to the assertion that "[i]f he spoke to someone and they told him the house was vacant, it *had to be* someone who was affiliated with or worked for RealtyTrac." <u>Id.</u> (emphasis added). Such an assertion is an intentional misstatement of the undisputed evidence, including the plaintiff's own deposition testimony.

5

At her deposition, the plaintiff confirmed that she could only speculate that the "agent" the man was referring to was working for RealtyTrac. Defendant's Exhibit 1, pp. 94-95. Accordingly, plaintiff's counsel contacted two realtors, which she now knowingly mischaracterizes as "agents" of RealtyTrac. Santiano Affidavit, plaintiff's Exhibit 3. However, nowhere in her inappropriate, hearsay affidavit does she provide any indication whatsoever that RealtyTrac provided any information to any realtor that the plaintiff's property was for sale, was vacant, or could be viewed without the owner's permission. Id. Thus, her assertion that RealtyTrac is responsible for misstatements of realtors is nothing more than mere conjecture (which is actually refuted by admissible evidence), and thus is also insufficient to defeat the defendant's motion for summary judgment.

    C.    <u>There Is Absolutely No Evidence To Support The Plaintiff's Contention That Any Person Who Is Alleged To Have Trespassed On Her Property Was Told That They Could Do So By RealtyTrac.</u>

Not content with misstating the evidence or presenting the Court with improper arguments and hearsay, the plaintiff takes one further step in her chain of speculation and argues to this Court that agents or employees of RealtyTrac "are the only people who could have told *any potential buyer* it was ok to enter [the plaintiff's] property." Opposition at 16 (emphasis added). Such an assertion is absurd. The plaintiff has not offered this Court (and cannot offer this Court) any evidence whatsoever that any person was told by RealtyTrac to enter onto the plaintiff's property. Again, such an argument is contrary to the only admissible evidence before this Court. Specifically, the RealtyTrac website at issue does not represent that the properties it lists are even for sale, and RealtyTrac has submitted sworn affidavit testimony that it made no contrary representation to anyone. In contrast, evidence has been placed before this Court that it was other websites and public sources that indicated that the plaintiff's property was for sale.

The simple fact of the matter is that anyone who learned from any source that the plaintiff's property was in foreclosure could have made the decision to visit the plaintiff's

6

property. Likewise, the only trespasser whom the plaintiff actually spoke with indicated that he had been told he could enter the plaintiff's property by a local realtor, not RealtyTrac. The plaintiff further acknowledges that she has no information as to which realtor made this representation, or where they got their information. It simply could have been any realtor who obtained this incorrect information from any source. Any suggestion that RealtyTrac is somehow involved in these misstatements does not even reach the level of speculation or conjecture, as there is absolutely no basis whatsoever to support even the inference, let alone argue the claim as fact.

## CONCLUSION

The undisputed evidence in this case establishes that information regarding the foreclosure sale on the plaintiff's property was available from a number of sources including, but not limited to, court pleadings, bankruptcy filings, other websites, and newspaper articles. The information contained on RealtyTrac's website was accurate, not misleading, and properly posted. There is no admissible evidence of any type whatsoever that anyone trespassed on the plaintiff's property on the advice or instruction of RealtyTrac or someone for whom it is responsible.

For the foregoing reasons, the Court should disregard the plaintiff's frivolous accusations and unsupported speculation, the defendant, RealtyTrac Inc.'s, motion for summary judgment should be allowed, and RealtyTrac should be awarded its costs and legal fees.

Respectfully submitted,
REALTYTRAC, INC.,
By its attorneys,

*/s/ Steven J. Bolotin*
Steven J. Bolotin, BBO#564085
Joshua P. Briefel, BBO#662495
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Tel: (617) 737-8878
Fax: (617) 342-4943

Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 4, 2009.

/s/ Steven J. Bolotin
Steven J. Bolotin, BBO#564085